UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DERRICK GUYTON                                                                         PETITIONER

V.                                                           CIVIL ACTION NO. 1:10CV54-SA-JAD

CHRISTOPHER B. EPPS, et al.                                                        RESPONDENTS

REPORT AND RECOMMENDATION

The respondents have filed a motion to dismiss the instant petition for writ of habeas corpus for the failure of the petitioner to exhaust his claims in the state court (Doc. 6). The petitioner has filed no response in opposition.

Guyton's petition asserts that he has not been properly credited with time served prior to his guilty pleas and sentencing. Guyton filed a challenge in the circuit court in Lowndes County, Mississippi making the same assertion. That action was dismissed due to Guyton's failure to complete the administrative remedy program before filing in the circuit court. Instead of going back and filing with the administrative remedy program, he filed the instant petition.

A fundamental prerequisite to the granting of federal habeas relief is the exhaustion of all state remedies. 28 U.S.C. § 2254 (b) and (c). Guyton's remedies in the state begin with the Administrative Remedy Program within the Mississippi Department of Corrections. He must timely complete all three steps in that program. If not satisfied with the results, the next step is filing in the circuit court. It is necessary that any adverse decision in the circuit court be appealed to the Mississippi Supreme Court. If the matter is initially referred to the Mississippi Court of Appeals, because it is not the highest court in the state, it is necessary to file both for reconsideration in the court of appeals and to petition for review by way of writ of certiorari to the Mississippi Supreme

Court. Only after all of these steps have been taken in a timely and procedurally correct manner, may Guyton file his petition in this court.

The undersigned recommends that the motion to dismiss be granted and the petition dismissed without prejudice for failure to exhaust state remedies.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 18th day of August, 2010.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE